James M. Marlar, Chief Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 4:11-bk-30089-JMM |
| | ) | |
| RONALD R. FLORES | ) | Chapter 11 |
| ANA L. FLORES | ) | |
| | ) | |
| | ) | |
| Debtors ) | | MEMORANDUM DECISION |

On October 31, 2012, this court held an evidentiary hearing on the value of a

commercial office building (dental) owned by the debtors. The court listened carefully to the

examination of two qualified real estate appraisers, and has studied each of the written appraisals. One

appraiser, John Burdick, held the opinion that the subject property was worth $265,000.00, on a

comparable sale basis. Mr. Burdick was hired by the debtors.

The competing appraiser, hired by the mortgage lender, Michael Naifeh, felt that the

value was higher, and using the same approach, felt the value to be $350,000.00 in the current

economic climate of Tucson.

However, using an income approach to value, Mr. Naifeh concluded that the fair market

value was $300,000.00. Mr. Burdick opined that, on this basis, the value is $260,000.00.

The court has no independent ability, relative to comparable sales or income approach

comparisons, to 'tweak' or 'second guess' the professional appraisals' opinions. A court can only select

one, depending upon what it perceives the slight qualitative distinctions to be. Recognizing that

reasonable minds can differ, the court must find that it was persuaded by one opinion only.

This court needs to find only one fact – its fair market value, considering a reasonable marketing period in Tucson's current economy. Based upon its review of the evidence, the court finds that value to be $300,000.00. A separate order will be entered.

DATED AND SIGNED ABOVE.